UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20362-Civ-COOKE/TURNOFF

EDDY O. DURAN,

    Plaintiff
vs.

WELLS FARGO BANK, N.A.,
s/b/m to WELLS FARGO HOME
MORTGAGE, INC., d/b/a
AMERICA'S SERVICING COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

THIS CASE is before me on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 6). I have reviewed the record, the arguments, and the relevant legal authorities. For the reasons provided, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff, Eddy O. Duran, filed a four-count complaint against Defendant, Wells Fargo Bank, N.A., for violations of the Florida Consumer Collection Practices Act, Fla. Stats. §§ 559.55-559.785 ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

The facts set forth here are from Plaintiff's Complaint. On around March 10, 2010, Plaintiff retained Loan Lawyers, LLC, to represent him in connection with a mortgage loan on which he defaulted. (Compl. ¶¶ 11, 13). Defendant services Plaintiff's defaulted mortgage loan; part of Defendant's servicing business includes collecting payments on mortgage accounts. (*Id.* ¶ 11).

In July 2010, Plaintiff sent a letter to the Defendant indicating that Loan Lawyers, LLC, represented him in connection with the mortgage loan debt. (*Id*. ¶ 14). The letter stated that all communications regarding the mortgage loan debt should be directed to counsel. (*Id*.) The letter included counsel's contact information, including address and phone number. (*Id*.) According to Plaintiff, Defendant received the letter around August 3, 2010. (*Id*. ¶ 14). Defendant responded on around October 7, 2011, stating that a cease-and-desist order was on file. (*Id*. ¶ 16).

Plaintiff claims Defendant's representative and/or employee contacted Plaintiff by telephone on four occasions to attempt to collect the mortgage loan debt, in violation of the FCCPA. (*Id*. ¶ 26). The incidents occurred on about November 17, 2011, at around 2:30 p.m., on about November 17, 2011, at around 5:15 p.m., on about November 18, 2011, at around 5:15 p.m., and on about December 5, 2011, at around 11:47 a.m. (*Id*. ¶¶ 23- 25, 34). Plaintiff claims that the phone calls were for non-emergency purposes, and he did not consent to the calls. (*Id*. ¶¶ 19-20). On each call, Defendant's representative requested that Plaintiff make arrangements to pay the mortgage debt, and Plaintiff told the representative that he was represented by counsel and that Defendant should contact Plaintiff's counsel directly. (*Id*. ¶¶ 26-27, 35-36).

Plaintiff also claims Defendant attempted to collect the mortgage loan debt by using an automatic dialing system or pre-recorded or artificial voice in violation of the TCPA. (*Id*. ¶ 53). Plaintiff states these calls occurred "many" times, but only specifically identifies the November and December 2011 calls listed above. (*Id*.)

## II. LEGAL STANDARD

A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355

U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is generally limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000). In a securities fraud case, however, a court may take judicial notice of public documents required by, and filed with, the SEC. *Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1278 (11th Cir. 1999).

### III. ANALYSIS

#### A. The National Bank Act Does not Preempt Plaintiff's FCCPA Claim

Defendant argues that the National Bank Act, 12 U.S.C. § 1, *et seq*. ("NBA"), preempts laws such as the FCCPA, which restrict a national bank's ability to service a mortgage loan. Specifically, Defendant argues that the FCCPA obstructs, impairs, or conditions its ability to fully exercise its lending powers.

The NBA preempts a state consumer financial law if such a law "prevents or significantly

interferes with the exercise by the national bank of its powers." 12 U.S.C. § 25b(b)(1)(B). Under § 25b(b)(1)(B), a court must consider whether there is an "irreconcilable conflict" between the NBA and the state statute. *Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1197 (11th Cir. 2011). The FCCPA is a Florida consumer financial law that prohibits debt collectors from employing abusive, deceptive, and unfair collection practices. Specifically, Fla. Stat. § 559.72(18) prohibits debt collectors from communicating with a debtor if that collector knows that an attorney represents the debtor in connection with the debt.

At least one district court recently has analyzed the precise question of whether the NBA preempts the FCCPA. In *In re Bate*, the court distinguished between the "business of banking," which the NBA governs, and the "business of debt collection," which the FCCPA regulates. 454 B.R. 869, 882 (Bankr. M.D. Fla. 2011). The court concluded that the NBA did not preempt the FCCPA:

> The NBA was designed to prevent '[d]iverse and duplicative superintendence of national banks' engagement in the business of banking.' The FCCPA has no effect on the 'business of banking' as conducted by national banks. Its effect is on the business of debt collection as conducted by creditors in general, not just national banks.
> There is no significant regulatory objective that would merit preempting a state law of general applicability that is designed to protect consumers from unscrupulous and egregious activity by debt collectors. The FCCPA may restrict the frequency, procedure, and substance of contacts permitted between Wells Fargo and its customers, but it only does so to the extent of requiring that such collection contacts not be abusive, deceptive or unfair. Wells Fargo may still make loans. It may also collect on those loans, but it must abide by the FCCPA when doing so, just as every other debt collector in Florida must do. Therefore, the FCCPA does not prevent or significantly interfere with Wells Fargo's exercise of its powers under the NBA. Accordingly, the NBA does not preempt the FCCPA.

*Id*. (internal footnotes and citations omitted). I find the analysis in *In re Bates* instructive and insightful, and I will adopt it here. I find that the NBA does not preempt Plaintiff's FCCPA claims.

4

## B. TCPA Claim is not Sufficiently Pled

This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA.  (*See* ECF No. 1).  It is established that federal courts have subject matter jurisdiction over TCPA claims.  *Mims v. Arrow Fin. Servs, LLC*, 132 S. Ct. 740, 753 (2012).  The TCPA prohibits:

> any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff fails to state a claim under the TCPA.  Plaintiff has not sufficiently alleged that Defendant used an automatic telephone dialing system or artificial or prerecorded voice to make any phone calls to his cellular telephone.  Plaintiff alleges in a conclusory manner that Defendant placed "many" non-emergency calls to his cellular phone.  However, Plaintiff's Complaint is devoid of any factual allegations to support that claim. On the four occasions Defendant made phone calls to Plaintiff, Plaintiff alleges that he *spoke* with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice.  Plaintiff provides no facts whatsoever about any automated or pre-recorded calls Defendant allegedly made.  I will therefore dismiss Plaintiff's TCPA claim without prejudice.

I will not address Defendant's remaining arguments on Plaintiff's state law claims until I am satisfied that I have federal jurisdiction over this action, and, if not, until I determine whether I should exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *see*

also *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) (remanding case to district court to determine whether it should continue to exercise supplemental jurisdiction over the plaintiff's state law claims or remand to state court); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").

For the reasons provided, the Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED in part and DENIED in part**. Plaintiff may file an amended complaint within seven days of the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 23rd day of July 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*